UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEON PULLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4: 20 CV 900 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on  Leon Pullen's Motion and Amended Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1, 6].

Because the motions are untimely, they will be dismissed.

Background Facts

On January 10, 2010, the Grand Jury returned a Superseding Indictment against petitioner

charging him with nineteen (19) counts alleging that, while acting under color of law as an

auxiliary officer with the Uplands Park Police Department, petitioner and another officer

conspired to deprive persons of their constitutional right to be free from unlawful seizures,

conspired to deprive persons of their constitutional right not to be deprived of liberty without due

process by subjecting them to non-consensual sex acts (constituting aggravated sexual abuse),

and conspired to place them in fear of death, serious bodily injury and kidnapping.  [Doc. # 33 in

Criminal Case No 4:09CR624 RWS].   Petitioner was also charged with one count of attempted

tampering with a victim, witness or informant, extortion and the making of false material

statements to the Federal Bureau of Investigations.  *Id.*

Petitioner pled guilty pursuant to a written plea agreement on July 28, 2010.  Pursuant to

that agreement, in exchange for petitioner's guilty plea on Counts I (Conspiracy to Deprive one of Rights Acting Under Color of Law – unlawful seizure of property of D.S. – offense date July 15, 2009), IV (Deprivation of Rights Acting Under Color of Law – aggravated sexual abuse of D.S. – offense date July 15, 2009), V (Conspiracy to Obstruct Interstate Commerce by Extortion – extortion of D.S. and B.M. – offense date July 15, 2009), VII (Obstruction of Interstate Commerce by Extortion – victim B.M. – offense date July 15, 2009), VIII (Deprivation of Rights Under Color of Law – aggravated sexual abuse of M.H. – offense date May 15, 2009), XI (Deprivation of Rights Under Color of Law – aggravated sexual abuse of D.H. – offense date June 2009), XIV (Deprivation of Rights Under Color of Law – aggravated sexual abuse of D.H. – offense date June 2009), XVII (Attempted Tampering With a Victim, Witness, or Informant – instructions to J.B. to lie to police – offense date September 9, 2009 through September 13, 2009), and XVIII (Making a False Material Statement to a Federal Officer – false seizure of money from D.S. in statement to FBI – offense date September 20, 2009) of the Superseding Indictment, the government agreed to dismiss Counts II, III, VI, IX, X, XII, XIII, XV, and XIX at the time of sentencing.  [Doc. # 115 in Criminal Case No. 4:09CR624 RWS].   The parties agreed that a specific range of sentence of 216 to 300 months was appropriate, and petitioner had the right under Fed. R. Crim. P. 11(c)(1)(C) to withdraw his plea if I declined to sentence him within that range.

On September 3, 2010, petitioner moved to withdraw his guilty plea, [Doc. # 119 in Criminal Case No. 4:09CR624 RWS], but he withdrew that motion in a hearing on November 9, 2010.  [Doc. # 134 in Criminal Case No. 4:09CR624 RWS].  Petitioner was sentenced to a total aggregate sentence of 300 months imprisonment on January 28, 2011.  [Doc. # 147, 161 in Criminal Case No. 4:09CR624 RWS].

Petitioner, through counsel, filed a timely notice of appeal.  [Doc. # 149 in Criminal Case No. 4:09CR624 RWS].  However, in a motion to dismiss the appeal filed with the Eighth Circuit Court of Appeals and signed by petitioner, petitioner voluntarily moved to dismiss his appeal. [Ex. 1 to Doc. # 8].  The Court of Appeals granted petitioner's motion and dismissed his appeal on April 1, 2011.  [Doc.  # 162 in Criminal Case No. 4:09CR624 RWS].  Petitioner filed his motion seeking relief under 28 U.S.C. § 2255 on July 7, 2020.

Discussion

A motion to vacate filed under § 2255 is subject to a one-year period of limitations.  *See* 28 U.S.C. § 2255(f).  The limitations period begins to run on the latest of: (1) "the date on which the judgment becomes final" by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing a federal habeas petition is removed by the state; (3) "the date on which an asserted, new constitutional right is recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)-(4).

A period of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2).  The tolling only affects an unexpired period of limitations, however; it cannot revive a period that has already run. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).  The limitations period may also be equitably tolled when a petitioner can show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "Equitable tolling is an exceedingly narrow window of

relief" and the burden is on the party seeking to toll the running of the limitations period. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (quotation marks and citation omitted).

Petitioner's motion was filed more than nine years after the Eighth Circuit dismissed his appeal and his conviction became final. In an attempt to excuse the lengthy delay, petitioner argues in his amended § 2255 motion that his attorney did not file an appeal on his behalf. To the extent that this allegation amounts to an argument that this motion is timely filed within one year from the date he discovered this fact upon the exercise of due diligence, it is conclusively refuted by the record which demonstrates that his attorney did in fact appeal his judgment and conviction, but that appeal was dismissed upon the voluntary motion signed by petitioner and filed on March 31, 2011. Any similar argument that the one-year statute of limitations should be equitably tolled due to the actions of his attorney is likewise rejected for the same reason.[1]

Petitioner's throw-away references to the United Supreme Court's decisions in *United States v. Rehaif*, 139 S. Ct. 2191 (2019), and *United States v. Davis*, 139 S. Ct. 2319 (2019), do not serve to render his untimely petition timely. Even if these decisions announce new constitutional rights made retroactively applicable to cases on collateral review, they have no application whatsoever to petitioner as he was not charged with, nor did he plead guilty to, any violations of 18 U.S.C. § 922(g), § 924(a)(2), or § 924(c)(3)(B), the only statutes at issue in those cases. *See Rehaif*, 139 S. Ct. at 2200 (holding only that "in a prosecution under 18 U.S.C. §§ 922(g) and § 924(a)(2), the Government must prove that both the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."); *Davis*, 139 S. Ct. at 2336 (holding that § 924(c)(3)(B) is unconstitutionally vague).

---

[1] In addition, ineffective assistance of counsel generally does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

Thus, even if petitioner had filed the instant motions within one year of those decisions, they would still not be timely.

Finally, to the extent petitioner's argument that "he has information proving that he was on vacation when the alleged crimes occurred" is an attempt to argue that he is actually innocent of the crimes to which he pled guilty, it falls far short of equitably tolling the statute of limitations.  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as . . . in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (U.S. 2013).  The actual innocence exception is demanding and seldom met.  *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).  "[T]he timing of the [petition] is a factor bearing on the reliability of th[e] evidence purporting to show actual innocence." *Id.* at 386.  "A federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part . . . as a factor in determining whether actual innocence has been reliably shown." *Id.* at 387.  Courts can consider a claim of actual innocence even when a guilty plea is entered.  *United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000).  "[A] credible claim of actual innocence 'requires a petitioner to support his allegation of constitutional error with new reliable evidence.'" *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996) (quoting *Schlup,* 513 U.S. at 324).  To demonstrate actual innocence, a petitioner must produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence." *Id.* (internal citations omitted).

Here, petitioner offers nothing but his own self-serving, conclusory statement that he was

"on vacation" when the crimes occurred.  Setting aside the obvious factual difficulty with this

allegation – namely that petitioner pled guilty to multiple offenses involving multiple offense

dates – this information, even if true, was available to petitioner before he pled guilty and is not

the type of "new reliable evidence" upon which petitioner may rely to establish his alleged actual

innocence.  Moreover, petitioner offers no explanation as to why he waited almost ten years after

pleading guilty to raise this alleged alibi defense to the Court, further detracting from the

reliability of this evidence.[2]  The Court considers this unjustifiable delay as a factor when

determining that petitioner has failed to meet his burden of demonstrating an actual-innocence

gateway claim.  Petitioner's § 2255 motions are untimely and will be dismissed by this Court.

Because the records before me conclusively demonstrate that petitioner's motions are

untimely, I will not hold an evidentiary hearing on this matter.  "A petitioner is entitled to an

evidentiary hearing on a section 2255 motion unless the motion and the files and records of the

case conclusively show that he is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d

814, 817 (8th Cir. 2008) (internal quotation marks omitted).  "No hearing is required, however,

where the claim is inadequate on its face or if the record affirmatively refutes the factual

assertions upon which it is based."  *Id.* (internal quotation marks and citations omitted).

As petitioner has not made a substantial showing of the denial of a federal constitutional

right, this Court will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569

(8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing

---

[2] Further casting doubt on the reliability of this evidence are petitioner's recent statements made to this Court in his pending motion for compassionate release, in which he "acknowledges the seriousness and duration of his criminal conduct" (which he calls "egregious") and admits that he was "driven by unmitigated greed" and "thought himself to be above the law."   [Doc.  # 170 in Criminal Case No. 4:09CR624 RWS].  Petitioner's compassionate release motion was filed after the instant § 2255 motion.

must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal

or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Leon Pullen's motion to vacate, set aside or correct his

sentence under 28 U.S.C. § 2255 [1] and amended motion to vacate, set aside or correct his

sentence under 28 U.S.C. § 2255 [6] are dismissed.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability,

as petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this

same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2020.